UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Maurice Marcus Acree,

              Plaintiff,    Case No. 20-cv-10358

v.    Judith E. Levy
    United States District Judge

Daniel Hedrick and K. Nabozny,

    Mag. Judge Elizabeth A. Stafford

             Respondents.

_____/

## OPINION AND ORDER DISMISSING COMPLAINT [1]

Michigan state prisoner Maurice Marcus Acree filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. He is proceeding without prepayment of the filing fee under 28 U.S.C. § 1915(a)(1). Acree names two Defendants in their official capacities. His claims relate to the loss of his property upon his arrest and are raised under the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution. Acree seeks monetary relief of $5,000.

The Court holds that Acree fails to state a claim upon which relief may be granted.

**I.    Standard**

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)). While this notice pleading standard does not require "detailed" factual allegations, *Twombly*, 550 U.S. at 555, it does require more than the bare assertion of legal conclusions or "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (*quoting Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (*quoting Twombly*, 550 U.S. at 557).

Plaintiff has been granted leave to proceed without prepayment of the filing fee for this action. Under the Prison Litigation Reform Act

2

("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

To state a federal civil rights claim, a plaintiff must allege that: (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978). A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

## II. Factual Allegations

Acree's allegations arise from his arrest on September 26, 2019. On that date, Defendants Daniel Hedrick and K. Nabozny, both Oakland County Sheriff's Department deputies, arrested Acree. Acree's luggage was on the back porch of a home that he did not own. Without Acree's permission, Defendants Hedrick and Nabozny searched the luggage and

photographed its contents. Acree was apparently then taken into custody. Acree alleges that Defendants left his luggage outside without allowing Acree to secure it and without placing the luggage in an evidence locker. Acree alleges that Defendants Hedrick and Nabozny's negligence caused him a "major financial loss." (ECF No. 1, PageID.7.)

## III. Discussion

Acree alleges that Defendants Hedrick and Nabozny failed to properly secure his property during his arrest, causing him to lose his luggage and its contents. He argues that this deprivation violated his due process rights under the Fifth and Fourteenth Amendments and his Fourth Amendment right to be free from illegal search and seizure.

Acree names both Defendants in their official capacities. Suits against municipal employees in their official capacity are treated as suits against the municipality. *Essex v. County of Livingston*, 518 F. App'x 351, 354 (6th Cir. 2013) ("[A]n official-capacity claim is merely another name for a claim against the municipality."). A party seeking to impose liability on a municipality under § 1983 "must prove that 'action pursuant to official municipal policy' caused the[] injury." *Connick v. Thompson,* 563 U.S. 51, 60-61 (2011) (quoting *Monell v. Dep't of Social Services of City of*

4

*New York,* 436 U.S. 658, 691 (1978). A municipality may not be held liable under § 1983 under a *respondeat superior* theory; instead, a municipality may be liable under § 1983 only "when execution of a government's policy or custom … inflicts the injury." *Id.* at 691, 694.

To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). The municipal "policy or custom" must be the "moving force" behind the constitutional deprivation. *Monell*, 436 U.S. at 694.

Acree claims that Defendants' negligence caused him to lose his luggage. He does not claim that any alleged violation of his constitutional rights was the result of a custom or policy implemented or endorsed by the Oakland County Sheriff's Department. Acree, therefore, fails to state a claim upon which relief may be granted.

Acree's due process claims also fail to state a claim because the negligent or intentional deprivation of property does not violate due process if adequate state remedies are available to redress the wrong.

*Hudson v. Palmer*, 468 U.S. 517, 533-36 (1984); *Parratt v. Taylor*, 451 U.S. 527 (1981) (ruling that negligence does not amount to a "deprivation" implicating due process) (overruled in part on other grounds by *Daniels v. Williams*, 474 U.S. 327, 328 (1986)). To maintain a §1983 action "claiming the deprivation of a property interest without procedural due process of law, the plaintiff must plead and prove that state remedies for redressing the wrong are inadequate." *Vicory v. Walton*, 721 F.2d 1062, 1066 (6th Cir. 1983). Acree has not alleged or shown that Michigan's judicial remedies are inadequate or that it would be futile to present his claim in the Michigan state courts. He has an adequate remedy in the state courts. *See Copeland v. Machulis*, 57 F.3d 476 (6th Cir. 1995). Thus, Acree fails to state a due process claim upon which relief may be granted.

### III. Conclusion

For the reasons stated, Plaintiff fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983. Accordingly, the Court DISMISSES WITH PREJUDICE Plaintiff's civil rights complaint. The Court also concludes that an appeal from this order cannot be taken in

good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

IT IS SO ORDERED.

Dated: January 11, 2023　　　　　s/Judith E. Levy
　　　Ann Arbor, Michigan　　　　JUDITH E. LEVY
　　　　　　　　　　　　　　　　United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 11, 2023.

　　　　　　　　　　　　　　　　s/William Barkholz
　　　　　　　　　　　　　　　　WILLIAM BARKHOLZ
　　　　　　　　　　　　　　　　Case Manager